UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'     JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kathryn Halford | Not Present |
| Arlen Printz | |

Proceedings:    TELEPHONE HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. [ 21 ], filed March 30, 2020)

## I. INTRODUCTION AND BACKGROUND

On September 18, 2019, plaintiff Board of Trustees of the Teamsters Miscellaneous Security Trust Fund filed this action against defendant Allied Protection Services, Inc. ("Allied"). Dkt. 1 ("Compl."). The complaint asserts one claim for breach of contract. Id.

Plaintiff is the administrator and fiduciary of the Teamsters Miscellaneous Security Trust Fund ("the Trust" or "the TMSTF"). Compl. ¶¶ 3–5. The Trust was established pursuant to a collective bargaining agreement ("the Labor Agreement") between various employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"). Id. ¶ 3. Plaintiff's claim arises out of the alleged failure of Allied, an employer subject to the Labor Agreement, to honor the terms of the Trust Acceptance and Contract Data form and the Declaration of Trust establishing the Trust (together, "the Trust Agreements"), as well as the Labor Agreement (collectively, "the Agreements"). See generally Compl.

Plaintiff alleges that the Agreements require Allied to, among other things, "make contributions to the TMSTF on behalf of its employees performing work covered by the Labor Agreement," and to "pay contributions at specified rates to the TMSTF on behalf of employees performing bargaining unit work." Compl. ¶¶ 9–10. In addition, "[t]he Agreements require each employer to submit reports and pay contributions to the TMSTF on behalf of all covered employees on the first (1st) day of the month for work performed during the previous month. Reports and contributions are considered delinquent if not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 | |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | | |

postmarked by the twentieth (20th) day of the month following the month in which the work was performed." Id. ¶ 11. Plaintiff further avers that the Trust Agreements provide for liquidated damages as a result of nonpayment of contributions, calculated "at twenty percent (20%) of the delinquent contributions, or twenty-five dollars ($25.00), whichever amount is greater." Compl. ¶ 12. "The Agreements further provide that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at a specified rate, and any attorney fees and costs incurred by the TMSTF for collection and/or enforcement." Id. ¶ 13. According to plaintiff, Allied "has failed to timely report and pay contributions at the rates required by the Agreements for the period of April, May, July and August 2019" resulting in $16,360.62 in delinquent contributions, liquidated damages of $3,272.14, $104.53 in interest, and the expenditure of attorneys' fees and costs. Id. ¶¶ 16–22.

Allied has not appeared in this action to date. The Clerk entered default against Allied on January 29, 2020, based on Allied's failure to respond to either the summons or the complaint. Dkt. 18. Plaintiff filed the present motion for default judgement against Allied on March 30, 2020. Dkt. 21-1 ("Mot.").

The Court held a hearing on May 11, 2020. Having carefully considered the plaintiffs' motion and supporting exhibits, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. Feb. 11, 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | |

55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1. Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55–2).

### III. DISCUSSION

#### A. Procedural Requirements

In connection with plaintiff's request for entry of default judgment against Allied, plaintiff submits a declaration attesting that: (a) on January 29, 2020, the Clerk entered default against Allied following its failure to respond to either the summons or complaint; (b) Allied is neither an infant nor an incompetent person; and (c) the Soldiers' and Sailors' Relief Act of 1940 does not apply.[1] See Dkt. 21-8, Declaration of Arlen Printz ("Printz

---

[1] The Soldiers' and Sailors' Civil Relief Act was the "precursor" to the current Servicemembers Civil Relief Act. See Trujillo v. Tally, No. 03-cv-533-S-MHW, 2006 WL 8426821, at *2 (D. Idaho June 2, 2006). That plaintiff's declaration refers to the Soldiers' and Sailor's Civil Relief Act, rather than the Servicemembers Civil Relief Act, does not preclude the entry of default judgment. See, e.g., Gens v. Amerimade Tech. Inc., No. 15-cv-01425-JCS, 2016 WL 8905322, at *4 (N.D. Cal. Mar. 21, 2016) (recommending grant of application for default judgment even though supporting declaration referred to predecessor statute), report and recommendation adopted, No. 15-cv-01425-VC, 2016 WL 9180437 (N.D. Cal. Apr. 8, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL 'O' JS-6 | |
|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date  May 11, 2020 |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | |

Decl.") ¶¶ 1–11. In addition, plaintiff has served notice of the motion on Allied.[2] Accordingly, plaintiff has satisfied the procedural requirements required for entry of default judgment. See C.D. Cal. L.R. 55–1; 55–2. The Court therefore turns to the merits of plaintiff's motion.

>   B.   Application of the Eitel Factors

>>   1.   Possibility of Prejudice

The first Eitel factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, plaintiff asserts that without a default judgment, it will likely be without other recourse for recovery because Allied "continues to refuse to pay the amounts due." Mot. at 5. Because Allied has not participated in this action to date, plaintiff would be prejudiced if default judgment was not entered in its favor. See Pepsi, 238 F. Supp. 2d at 1177. Accordingly, this factor favors the entry of default judgment against Allied.

>>   2.   Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. These factors "are often treated by courts as the most important Eitel factors." Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) (citations omitted). For the purposes of default judgment, all well-

---

[2]   Plaintiff originally noticed the hearing on its motion for default judgment for April 27, 2020. See Mot. Plaintiff subsequently filed a proof of service with the Court on March 30, 2020, indicating that plaintiff had served Allied by mail with notice of the April 27, 2020 hearing, the motion, and supporting documents. Dkt. 22. On April 16, 2020, in light of the ongoing COVID-19 pandemic and the Court's Continuity of Operations Plan, the Court continued the hearing to May 11, 2020, authorizing the parties to appear for the May 11, 2020 hearing by telephone. Dkt. 26. On April 17, 2020, plaintiff filed a proof of service with the Court, demonstrating that plaintiff had served Allied by mail with notice of the May 11, 2020 telephonic hearing. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 | |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | | |

pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff seeks entry of default judgment against Allied as to its breach of contract claim. Mot. at 2. To prevail on a claim for breach of contract, plaintiff must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Plaintiff sufficiently alleges these elements here. First, plaintiff alleges the existence of contractual agreements between plaintiff and Allied, including the Labor Agreement and the Trust Agreements, submitting copies of these agreements in connection with its complaint and its motion for default judgment. See Dkts. 1-1, 1-2, 21-3, 21-4, and 21-5. Plaintiff moreover alleges that it "has complied with all conditions precedent, if any, to be performed under the terms of the Agreements. Compl. ¶ 23. According to plaintiff, Allied has breached the Agreements by "fail[ing] to timely report and pay contributions in the amount of $16,360.62 for the months of April, May, July and August 2019." Id. ¶ 17. Plaintiffs further aver that Allied's breaches have caused plaintiff to suffer damages including delinquent contributions, liquidated damages, interest, and the expenditure of attorneys' fees and costs. Id. ¶¶ 17–22.

Taking these allegations as true, plaintiff has established a likelihood of prevailing on the merits of its breach of contract claim. Accordingly, the second and third Eitel factors favor the entry of default judgment against Allied.

### 3. Amount of Money at Stake

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages

Case 2:19-cv-08089-CAS-AS Document 29 Filed 05/11/20 Page 6 of 9 Page ID #:206

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL 'O' JS-6 | |
|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date May 11, 2020 |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | |

documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, in connection with its request for default judgment, plaintiff seeks an award of $13,328.96, "consisting of $4,655.94 in liquidated damages, $150.02 in interest, $7,380.00 in attorneys' fees, and $1,143.00 in costs." Mot. at 9. Because the Agreements authorize an award of liquidated damages, interest, attorneys' fees, and costs, see dkt. 21-5 at 39–40, the Court concludes that the fourth Eitel factors does not preclude the entry of default judgment against Allied. See Bd. of Trustees of U.A. Local No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc., No. 12-cv-05111 JSW, 2013 WL 2237871, at *5 (N.D. Cal. May 21, 2013) (finding that award of $176,419.84 in delinquent contributions, $8,816.16 in interest, $3,884.00, and $500.00 in costs was not so substantial so as to preclude default judgment because "this amount is authorized under the Agreement and is thus proportionate and appropriately tailored to Defendant's specific misconduct in failing to make timely contribution payments.").

### 4. Possibility of Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, plaintiff "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" Allied. See Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. As such, this factor favors entry of default judgment against Allied.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177. "There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc., 316 F. Supp. 3d 1192, 1201–02 (C.D. Cal. 2018). Plaintiff has served Allied with the summons, complaint, and motion for default judgment. Accordingly, there is no indication that Allied's failure to appear is due to excusable neglect, and this factor favors the entry of default judgment against Allied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 | |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | | |

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." Constr. Laborers Tr. Funds for S. California Admin. Co. v. Black Diamond Contracting Grp., Inc., No. 8:17-cv-00770-JLS-DFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Allied's failure to appear or otherwise respond makes a decision on the merits in this case impractical, if not impossible." As a result, this factor does not preclude the entry of default judgment against Allied.

### C. Requested Relief

Having determined that the entry of default judgment against Allied is appropriate, the Court addresses the scope of appropriate relief. With respect to monetary sums, "only the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). Moreover, the movant seeking default judgment must prove up the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013).

Plaintiff's motion for default judgment seeks $4,655.94 in liquidated damages and $150.02 in interest based on Allied's delinquent contributions for the months of April, May, July, August, November, and December 2019. Mot. at 4, 9. By contrast, plaintiff's complaint seeks recovery of $3,272.14 in liquidated damages and $104.53 in interest based on Allied's delinquent contributions for the months of April, May, July, and August 2019. See Compl. ¶¶ 18–19. Accordingly, the amounts that plaintiff seeks to recover as liquidated damages and interest in connection with plaintiff's motion differ from the amounts that plaintiff prayed for in its complaint. "[I]n ERISA cases, courts in the Ninth Circuit have made a limited exception to this requirement for delinquent contributions that come due *after* a complaint is filed on the basis that such an approach is consistent with the legislative intent underlying ERISA." Trustees of S. California IBEW-NECA Pension

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 | |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | | |

Plan v. Niteowl Commc'ns, No. 08-cv-03621-SJO-PJW, 2008 WL 11338652, at *4 (C.D. Cal. Dec. 5, 2008) (emphasis in original) (citing Bay Area Painters v. Alta Specialty, No. 06-cv-06996-MJJ, 2008 WL 114931, at *4 (N.D. Cal. Jan. 10, 2008)). Here, plaintiff's complaint indicates that that the Trust "is a 'multiemployer plan' within the meaning of . . . Section 515 of ERISA" and that "[t]his complaint is prosecuted pursuant to the LMRA . . . to enforce the provision of the collective bargaining agreement[.]" Compl. ¶¶ 4, 7. During the hearing, however, plaintiff's counsel indicated that plaintiff was pursuing a claim for breach of contract. Accordingly, the Court concludes that plaintiff is limited to the amount plaintiff prayed for in its complaint: $3,272.14 in liquidated damages and $104.53 in interest based on Allied's delinquent contributions for the months of April, May, July, and August 2019. To the extent that plaintiff seeks to recover amounts based on additional delinquent contributions that Allied allegedly failed to make *after* plaintiff filed this complaint, plaintiff may file another action seeking recovery of those amounts.

The Agreements provide that a "delinquent Employer shall be required to pay all costs of collection and actual attorney's fees when found liable." Dkt. 21-5 at 15. Accordingly, plaintiffs also seek $7,380.00 in attorneys' fees and $1,143.00 in litigation costs. Mot. at 9. Plaintiff calculates the requested $7,380.00 in attorneys' fees based on $6,630.00 in already-incurred billings, using a rate of $250.00 per hour for attorneys and $100.00 for paralegals, and an additional $750.00 in attorneys' fees based upon "an [anticipated] additional three hours of time in preparation for, travel to and from, and attendance at the hearing[.]" Printz Decl. ¶¶ 9–10.

Pursuant to Local Rule 55–3, attorneys' fees awarded upon default judgment are may be calculated according to a fee schedule based upon the amount of the judgment awarded. See C.D. Cal. L.R. 55–3. For a judgment between $1,000.01 and $10,000, the corresponding attorneys' fees are $300 plus ten percent over $1,000. See id. Assuming *arguendo* that the Court were inclined to award plaintiff $4,805.96 based on $4,655.94 in liquidated damages and $150.02 in interest, the fee schedule set forth in Local Rule 55–3 would result in an award of $680.60 ($300.00 plus ten percent of $3,805.96). Local Rule 55–3 also provides, however, that "[a]n attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." C.D. Cal. L.R. 55–3; accord Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018) ("the court is obliged to calculate a 'reasonable' fee in the usual [lodestar] manner, without using the fee schedule as a starting point."). Because plaintiff seeks attorneys' fees in excess of those provided for by Local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-cv-08089-CAS(ASx) | Date | May 11, 2020 | |
| Title | BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND v. ALLIED PROTECTION SERVICES, INC. | | | |

Rule 55–3, the Court construes plaintiff's request as one for the Court to fix fees based on the lodestar method. Under this approach, the Court calculates attorneys' fees "by multiplying the number of hours *reasonably expended* on the litigation by a *reasonable* hourly rate." Vogel, 893 F.3d at 1160 (emphases in original).

Other courts have determined, with respect to the law firm representing plaintiff in this action, that hourly rates of $300.00 for attorneys and $115.00 for legal assistants are reasonable for professional services rendered in connection with motions for default judgment. See Teamsters Multi-Benefit Tr. Fund v. California Offset Printers, Inc., No. 2:18-cv-08996-AB-RAO, 2019 WL 3249605, at *4 (C.D. Cal. May 1, 2019). Accordingly, the Court concludes that plaintiff's requested hourly rates of $250.00 for attorney time and $100.00 for paralegal time are reasonable. Plaintiff provides the Court with its counsel's billing records, see dkt. 21-10, and the Court therefore concludes that plaintiff's request for $7,380.00 in attorneys' fees is reasonable. See Teamsters Multi-Benefit Tr. Fund, 2019 WL 3249605, at *4 (determining that award of $9,851 in attorneys' fees based upon 40.3 hours of professional services was reasonable where plaintiff challenged employer's unpaid contributions).

Finally, plaintiff's motion for default judgment seeks $1,143.00 in litigation costs, consisting of a $400.00 filing fee and $743.00 "in attorney service fees." Printz Decl. ¶ 11. During the hearing, however, plaintiff's counsel indicated that plaintiff was no longer seeking $743.00 in attorney service fees and is instead only seeking an award of costs that includes the $400 filing fee. Accordingly, the Court awards plaintiff $400.00 in costs.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment. The Court **ORDERS** that judgment be entered against Allied. Allied shall be liable to plaintiff for $3,272.14 in liquidated damages, $104.53 in unpaid interest, $7,380.00 in attorneys' fees, and $400.00 in costs.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |